UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BOSTON COPYRIGHT ASSOCIATES, LTD., | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 13-cv-12826-IT |
| U-HAUL INTERNATIONAL, INC. et al., | * * | |
| Defendants. | * | |

MEMORANDUM & ORDER

September 30, 2015

TALWANI, D.J.

I.   Introduction

The sole surviving count in Plaintiff Boston Copyright Associates' ("Boston Copyright") Third Amended Complaint [#71] alleges infringement of a copyright in the Village Hero figurine, purportedly restored by the Uruguay Round Agreements Act. The Uruguay Round Agreements Act provides for the restoration of copyrights in certain eligible foreign works that, although still protected in their source country, are in the public domain in the United States. See 17 U.S.C. § 104A(h)(6)(B)-(C). To be eligible for restoration, a work, if published, must have been "first published in an eligible country and not published in the United States during the 30-day period following publication in such eligible country." Id. § 104A(h)(6)(D).

Defendants now seek dismissal of the complaint on the ground that Boston Copyright has failed to plausibly plead that the Village Hero figurine was first published in the United States at least thirty days after it was published in Germany. For the following reasons, Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint [#75] is DENIED.

II.     Relevant Facts[1]

Berta Hummel is a German artist famous for her drawings of young children.  Third Am. Compl. ¶ 12 [#71] [hereinafter Compl.].  In 1935 W. Goebel Porzellanfabrik KG ("Goebel") began to manufacture collectible porcelain figurines based off of Hummel's artwork.  Compl. ¶¶ 13-14.  In 1935, it took at least fifty-two days for figurines to arrive in the United States after first publication in Germany.  Compl. ¶¶ 23, 25.

In 1938, Goebel began production of a figurine titled "Dorfheld" ("Village Hero," later renamed "Brother" in English-language promotional materials).  Compl. ¶¶ 16-18.  The Village Hero figurine was first published by means of exhibiting a sample figurine at a trade fair in Leipzig, Germany from August 28 through September 1, 1938.  Compl. ¶ 21.  The Leipzig trade fair was attended by American buyers.  Compl. ¶ 39.  Any initial offers to sell the Village Hero figurine to American buyers occurred in Germany at this fair.  Compl. ¶ 39.

There is no indication that the Village Hero Figurine was published in the United States within thirty-one days of its publication in Germany.  Compl. ¶¶ 22, 40.  In 1938, production and transportation of goods not essential to the war effort would have been hindered.  Compl. ¶¶ 27-28.  At this time, there was also increased paperwork required for ground and maritime transport out of Germany.  Compl. ¶ 28.

Goebels sought design protection under German law of the Village Hero figurine on February 4, 1939.  Compl. ¶ 33.  The Village Hero figurine is under German copyright protection, as it has been since its creation.  Compl. ¶ 20.

---

[1] For purposes of this motion, the court takes all allegations in the complaint as true and draws all reasonable inferences in the light most favorable to Boston Copyright.  See, e.g., Carter's of New Bedford v. Nike, Inc., 790 F.2d 289, 291 (1st Cir. 2015).

Goebels filed a sketch of the Village Hero figurine with the U.S. Patent Office in or after June 1939.  Compl. ¶ 41.  This filing with the Patent Office is the first known publication of the figurine in the United States.  Compl. ¶ 41.  Based on noncompliance with U.S. copyright law, the Village Hero figurine entered the U.S. public domain sometime after its first publication in the United States.  Compl. ¶ 44.

III.     Motion to Dismiss Standard

To survive a motion to dismiss, the factual allegations of a complaint "must . . . raise a right to relief above the speculative level" by providing "more than labels and conclusions . . . [or] a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 422, 555 (2007).  Nonetheless, Fed. R. Civ. P. 12(b)(6) does not require that the complaint contain "detailed factual allegations," but rather "only . . . enough factual detail to make the asserted claim 'plausible on its face.'"  Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

In ruling on a motion to dismiss, the court properly ignores "conclusory legal allegations (which need not be credited)," Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012), but must accept "all the [factual] allegations in the complaint . . . [as] true (even if doubtful in fact)."  Twombly, 550 U.S. at 555.  Moreover, the court must draw all reasonable inferences arising from the facts as pleaded in favor of the plaintiff.  Cardigan Mountain Sch., 787 F.3d at 87; Carter's of New Bedford, 790 F.2d at 291.

At the motion-to-dismiss stage, the court may not consider the likelihood of whether the plaintiff will indeed be able to recover on his claims.  Twombly, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if . . . actual proof of those facts is improbable and . . . 'a recovery is very remote and unlikely.'" (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974))); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . .

dismissals based on a judge's disbelief of a complaint's factual allegations."); Cardigan Mountain Sch., 787 F.3d at 89.  Circumstantial allegations may suffice to establish a complaint's plausibility.  Id. at 88 ("The factual allegations are 'circumstantial,' to be sure, but there is not requirement for direct evidence." (citing García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013))).

IV.  Application

Defendants' motion to dismiss targets a narrow issue: whether Boston Copyright plausibly pleaded that the Village Hero figurine was "not published in the United States during the 30-day period following [its first] publication in [Germany]."  17 U.S.C. § 104A(h)(6)(D).  According to Defendants, the complaint's factual allegations fail to satisfy the pleading standard on two grounds: (1) the complaint's allegations regarding the date of the Village Hero's first distribution in the United States are wholly speculative, and (2) the complaint does not address the first date of any offers to distribute the Village Hero figurine in the United States.  See Mem. Law Supp. Defs.' Mot. Dismiss Pl.'s Third Am. Compl. 13-17 [#76] [hereinafter Defs.' Mem.].

The court disagrees that the allegations in Boston Copyright's complaint must be disregarded as speculative.  As recognized by the First Circuit, the focus of Twombly and Iqbal was on the deficiency of pleadings that recited legal conclusions rather than factual allegations.  See Cardigan Mountain Sch., 787 F.3d at 86.  Twombly and Iqbal did not alter the requirement that a court accept all allegations that are "specific and factual," even if those allegations appear difficult to prove or unlikely to survive scrutiny at later stages of the litigation.  Id. at 87.

Here, the allegations in Boston Copyright's complaint are not "bare recitations of the legal conclusion the suit seeks to prove."  Id.  Rather, read in the light most favorable to Boston Copyright, the complaint alleges the following facts:

1. There is no indication known to Boston Copyright that the Village Hero figurine or images of that figurine were distributed in the United States in the thirty days after the figurine was first published in Germany, Compl. ¶¶ 22, 40;

2. In 1935, three years prior to the figurine's first publication in Germany, Goebels used a distribution method for his ceramic figurines that took longer than thirty days to reach the United States, Compl. ¶¶ 23, 25;

3. During the prewar period of 1938, changes in Germany's shipping and distribution slowed down the transportation of non-essential goods, Compl. ¶¶ 27-28, 30;[2]

4. The 1938 Leipzig fair where first publication occurred in Germany was attended by potential foreign buyers, including buyers from the United States, Compl. ¶ 39;

5. The first known instance of an image of the Village Hero figurine in the United States is a June 1939 filing with the U.S. Patent and Trademark Office, Compl. ¶ 41.

At the motion-to-dismiss stage, the question before the court is whether these facts are sufficient to take the claim that the Village Hero figurine was not published in the United States for at least thirty days after its first publication in Germany "across the line from conceivable to plausible." Twombly, 550 U.S. at 556. In conducting this inquiry, the First Circuit's recent opinion in Cardigan Mountain School is instructive. That case considered the sufficiency of factual allegations tending to support the existence of an insurance policy for the years 1967-1968, despite neither party having a copy of the policy. 787 F.3d at 83-84, 88. The First Circuit found that factual allegations in the complaint regarding the existence of a policy in 1970-1971,

---

[2] In contrast to these factual averments, the statement that "[t]o ship figurines to an American port, unload them at the port, and clear customs would have taken longer than thirty days in 1938, Compl. ¶ 30, is disregarded as conclusory.

5

coupled with circumstantial factual allegations "tending to show no change in coverage in the preceding three years," sufficed to state a plausible claim that a policy had existed.  Id.

Here, Boston Copyright pleaded an absence of any indication that the Village Hero figurine was distributed in the United States within thirty days of its publication in Germany.  Cf. Cardigan Mountain Sch., 787 F.3d at 85 ("[T]he complaint alleges that New Hampshire Insurance Company's representative 'has noted that she has searched for the policy and been unable to find it . . . .'").  The plaintiff in Cardigan Mountain School bore the burden of plausibly pleading that an act had occurred (signing of a policy).  In contrast, Boston Copyright bears the burden of plausibly pleading the absence of an event (distribution of the figurine).  While the absence of facts directly showing the existence of an insurance policy tended to make the allegations in that case less plausible, the absence of facts suggesting publication less than thirty days after first publication in Germany tends to make Boston Copyright's claim more plausible.

Boston Copyright has also pleaded facts regarding Goebels' method for transporting figurines in 1935 so as to suggest that this method was also used in 1938.  Although circumstantial, the First Circuit has accepted that such factual allegations may support a finding of plausibility.  See id. ("The complaint alleges that . . . an audit report for the school dated 1971 . . . states that from September 1970 to September 1971 the school had a[n] . . . insurance policy . . . ."). And Boston Copyright has further pleaded other circumstantial facts—namely changes to the German economy and transportation systems during the prewar period—that would tend to make it more plausible that Goebels' system for shipping figurines did not speed up between 1935 and 1938.  Again, circumstantial allegations were similarly pleaded in Cardigan Mountain School and found sufficient by the First Circuit.  See id. (alleging that individuals working at the school during the relevant time period did not remember changing insurance carriers and did not believe such a change had been made).

The court acknowledges that there is an important difference between the circumstantial allegations provided in Cardigan Mountain School and the instant case. Namely, in Cardigan Mountain School the complaint alleged the personal beliefs of individuals who had direct knowledge about the school in 1967-1968. See id. at 87 ("The complaint refers to individuals with relevant knowledge who are recalling facts plausibly known to them."). In contrast, Boston Copyright's complaint does not rely on assertions by individuals who worked with Goebels during the prewar period. Nonetheless, on balance, the court finds that this difference does not defeat the plausibility of Boston Copyright's complaint. That Cardigan Mountain School dealt with testimony of individuals recalling facts known to them does not suggest this is the only manner in which circumstantial factual allegations may be used to support plausibility. The court presumes that changes to the German economy and trade requirements during the prewar period may be supported through expert testimony, academic texts, or other sources. What is critical at this stage is not whether these claims can ultimately be proven, but that the allegations in the complaint contain specific, factual assertions, see, e.g., Compl. ¶ 27 (alleging that there was a decrease in raw materials and the available workforce in Germany in 1938), Compl. ¶ 28 (alleging that there were increased paperwork requirements for shipments from Germany in 1983), not merely conclusory statements.

The court further acknowledges that the circumstantial allegations presented by Boston Copyright in its complaint do not *necessarily* suggest that Goebels' production and distribution of the Village Hero figure would be slower in 1938 than it was in 1935. A contrary inference could also be drawn; Goebels may have known of these impending restrictions and sped up production in order to get as much merchandise to market as possible. Nonetheless, all that is required at the pleading stage is that the inference drawn in favor of the plaintiff be one that is "reasonable," not one that is "necessary." Cardigan Mountain Sch., 787 F.3d at 88.

Finally, as to the offer to distribute, Boston Copyright has pleaded that Goebels engaged in a pattern of professional practice that emphasized use of trade fairs as a method of making offers to distribute figurines.  Cf. id. at 85 (finding to be a "bolstering allegation" a factual averment that an interested party typically behaved in one way in professional practice).  From this fact, the court can draw a reasonable—although not necessary—inference that Goebels would not mail offers to distribute to the United States, as such offers occurred at the Leipzig fair.  This suffices to make plausible that such an offer to distribute did not occur.[4]

On balance, Boston Copyright's complaint sets forth *plausible* allegations that the Village Hero figurine was not distributed in the United States for at least thirty days after first publication in Germany and that no offers to distribute were made in the United States during that time.  The court makes no suggestion as to whether Boston Copyright can marshal sufficient evidence to sustain its burden of showing compliance with this thirty-day rule at later stages of trial.  Nonetheless, the court's skepticism regarding the strength of evidence and the ability of a party to prove its claims has no place in a decision under Fed. R. Civ. P. 12(b)(6).  In light of Cardigan Mountain School, 787 F.3d 82, the court DENIES Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint [#75].[5]

IT IS SO ORDERED.

September 30, 2015                            /s/ Indira Talwani
                                              United States District Judge

---

[4] Because the court finds this allegation plausible, it need not rule at this time on the parties' dispute regarding whether the definition of "publication" in the 1976 Copyright Act, 17 U.S.C. § 101, applies to works allegedly first published in the United States prior to 1978 (that Act's effective date) with regard to restoration under the Uruguay Round Agreements Act.

[5] Given that the evidence needed to sustain a showing that the thirty-day rule has been complied with is not within the possession of Defendants, the court will consider a request to bifurcate discovery and allow for the filing of an early summary judgment motion on this potentially dispositive issue.