UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BOSTON COPYRIGHT ASSOCIATES, LTD., | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 13-cv-12826-IT |
| U-HAUL INTERNATIONAL, INC. et al., | * * | |
| Defendants. | * | |

# ORDER

December 21, 2016

TALWANI, D.J.

Following the December 19, 2016, status conference, the court orders as follows.

1. By January 3, 2017, the parties shall confer and file a proposed plan for conducting Alfred Hummel's and Dr. Rehbinder's depositions concerning Defendant's "Thirty-Day Rule" argument. The parties are encouraged to submit this plan jointly, but if they cannot agree, they are directed to submit their individual proposals. Defendant's rebuttal report as to Dr. Rehbinder shall be served within ten days of Dr. Rehbinder's deposition.

2. By December 23, 2016, the parties shall submit two documents comprising the requested letters rogatory. The first document shall contain without duplication all requested questions. The second shall contain Defendant's request for documents.

3. Regarding documents referenced in paragraph six of the parties' Joint Status Report [#160], Plaintiff shall produce all documents to which he does not object by January 6, 2017. Parties shall confer by January 13, 2017, and any motion to compel production of said documents shall be filed by January 20, 2017.

4. Counsel for Defendant presented argument concerning allegedly responsive documents withheld by Plaintiff which Plaintiff contends are subject to a protective order issued by the United States District Court for the Eastern District of New York. By December 23, 2016, counsel for Plaintiff shall submit to the court an affidavit explaining his justifications for continued withholding of these documents. While the court is without authority to vacate an order issued by another federal district court, the court intends to determine the protective order's applicability to the documents in question.

5. All discovery concerning the "Thirty-Day Rule" shall be completed by February 28, 2017. Defendant's "Thirty-Day Rule" motion for summary judgment shall be filed by March 14, 2017.

6. Counsel for Defendant further represented to the court a possible intention to file a second motion for summary judgment concerning "originality" in light of newly discovered evidence. The court does not preclude any such motion, but does not anticipate allowing a third motion for summary judgment. Nothing in this order shall prejudice Plaintiff's right to seek further discovery in responding to such motion by filing an affidavit as described in Fed. R. Civ. P. 56(d). The court does not anticipate requiring Plaintiff to respond to a motion for summary judgment concerning "originality" while his response to the motion for summary judgment concerning the "Thirty Day Rule" is pending.

IT IS SO ORDERED.

Date: December 21, 2016           /s/ Indira Talwani
                                  United States District Judge