UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BOSTON COPYRIGHT ASSOCIATES, LTD., | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 13-cv-12826-IT |
| U-HAUL INTERNATIONAL, INC. et al., | * * | |
| Defendants. | * | |

ORDER

January 6, 2017

TALWANI, D.J.

At the December 19, 2016, status conference, Counsel for Defendant presented argument concerning allegedly responsive documents withheld by Plaintiff. Plaintiff's counsel contends that the documents are subject to protective orders issued by the United States District Court for the Eastern District of New York and has filed an Affidavit [#169] setting forth his basis for withholding these documents.

The Affidavit states that the documents at issue were produced by W. Goebel-Porzellanfabrik KG ("Goebel") during litigation in Schmid Brothers, Inc. v. W. Goebel-Porzellanfabrik KG and Portfolio Press Corp., No. 77-cv-1419 (E.D.N.Y. 1979). The affidavit references two orders of that court: the 1979 "Secret and Confidential Matter Protective Order," and an alleged "Pre-trial Order."

The first of the two, the "Secret and Confidential Matter Protective Order," provides protections for documents produced and disclosed in discovery that are marked by the producing

party with either of two notices:

<u>SECRET</u>

IN ACCORANCE WITH A PROTECTIVE ORDER OF THE
COURT, THESE DOCUMENTS, e.g., SHALL BE TREATED
AS SECRET AND MUST NOT BE SHOWN TO ANY PERSON
OTHER THAN THE COURT AND THE ATTORNEYS OF
RECORD FOR THE PARTIES

<u>CONFIDENTIAL</u>

IN ACCORANCE WITH A PROTECTIVE ORDER OF THE
COURT, THIS DOCUMENT, e.g., SHALL BE TREATED
AS CONFIDENTIAL AND MUST NOT BE SHOWN TO ANY
PERSON OTHER THAN THE COURT AND THE ATTORNEYS OF
RECORD FOR THE PARTIES, AND "DESIGNATED PERSONS".

<u>See</u> Affidavit, Attachment A, ¶ 3 [#169].

Plaintiff concedes that none of the copies it is withholding are marked with either of these two notices. Plaintiff's counsel asserts, however, that some were "marked 'SECRET' by Goebel . . ., apparently pursuant to paragraph 3 of the Protective Order . . . " <u>Id.</u>, at ¶ 10. Counsel's choice of language suggests an absence of any direct knowledge as to meaning of Geobel's "SECRET" marking, and counsel has offered no evidentiary foundation for his assumption that Goebel intended for the documents to be covered by the 1979 Protective Order. In any event, regardless of Goebel's intent that the documents should be protected, counsel has not demonstrated that the copies are indeed subject to the Protective Order. The Protective Order does not, therefore, justify the withholding of any otherwise responsive documents that are merely marked "SECRET."

Plaintiff has not provided a copy of the alleged second order, the "Pretrial Order," to the court.[1] Plaintiff's counsel asserts that, according to his recollection, "long after their production

---

[1] Counsel's affidavit states that "[t]he Plaintiff has informed the Defendants that despite a

by Goebel and shortly before trial, [the unmarked documents were] listed as evidence in an attachment to a Pre-trial Order, and were designated by Goebel, in that attachment, as "SECRET." Id., at ¶ 13. Counsel's argument that the later designation of trial exhibits as "SECRET" somehow made previously disclosed and unmarked copies of such documents confidential has little persuasive force. The court declines to find on this record that the alleged "Pretrial Order" concerning trial exhibits, as recollected by Plaintiff's counsel, somehow bars the production of the copies that Plaintiff's counsel obtained without markings or other restrictions during discovery.

    IT IS SO ORDERED.

Dated: January 6, 2017                                              /s/ Indira Talwani
                                                                              United States District Judge

---

determined search, [Plaintiff's counsel] has been unable to locate a copy of the Pre-trial Order, and presumes that it was destroyed . . . ." Id., at ¶ 14